1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  WILLIAM H SAFFO,

11              Plaintiff,

CASE NO. 2:20-CV-01781-BHS-DWC

12     v.

ORDER

13  OWENS et al.

14              Defendants.

15

16   This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff proceeding

17  *pro se* and *in forma pauperis* ("IFP"), initiated this action on December 2, 2020. Dkt. 1. Before

18  the Court is Plaintiff's Motion to Terminate the IFP Fee ("Motion"). Dkt. 12. In, addition,

19  Defendant Turner has not filed a waiver of service. *See* Dkt.

20
21
22
23
24

ORDER - 1

1. **Motion**

Plaintiff moves for the Court to terminate the twenty (20) percent monthly filing fee installment payment which is being deducted from his account at the King County Jail. Dkt. 12.

To the extent Plaintiff is challenging the installment payments of the filing fee, Plaintiff was granted leave to proceed IFP in this case. Dkt. 4. "If a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee" through payments deducted from the prisoner's prison trust account. 28 U.S.C. § 1915. In submitting his application for IFP, Plaintiff signed the acknowledgment and authorization form, *see* Dkt. 4 at 3, which provides Plaintiff is responsible for the payment of the full $350.00 filing fee under 28 U.S.C. § 1915, *id.* The form also provides the agency having custody of Plaintiff (King County Jail) will collect from Plaintiff's account the initial partial filing fee and monthly installment payments of twenty (20) percent until the filing fee is paid in full. *See id.* "Filing fees are part of the costs of litigation," and prisoner cases are no exception. *Slaughter v. Carey,* 2007 WL 1865501, at *1 (E.D. Cal. 2007) (quoting *Lucien v. DeTella,* 141 F.3d 773, 775 (7th Cir. 1998)). Plaintiff does not identify, nor does the court find, any precedent permitting the Court to terminate the payment of the filing fee in this situation. Accordingly, Plaintiff's Motion is denied.

In addition, Plaintiff argues when he resumes his civil suit against the jail, his family will pay the filing fee directly to the Court.[1] Dkt. 12. Although unclear, it appears Plaintiff may be seeking to voluntarily dismiss his case. *See id.* Without more detail, the Court declines to take any action on such a request at this time. If Plaintiff does seek to voluntarily dismiss his case, he

---

[1] Plaintiff also alleges the King County Jail does not provide paper, pencils, or envelopes and charges $48.00 for a ream of paper. Dkt. 12. To the extent Plaintiff seeks to challenge his right of access to the courts, Plaintiff must file a separate civil lawsuit.

must file a motion for voluntary dismissal clearly indicating such intent. However, Plaintiff is advised he will still remain responsible for monthly installment payments of the filing fee if he chooses to voluntarily dismiss this case. *See Green v. Bank of America,* 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (denying refund of filing fee after *pro se* plaintiff voluntarily dismissed complaint under Rule 41 (a)); *Slaughter*, 2007 WL 1865501, at 1 (internal citation omitted) (inmates who proceeded *pro se* and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals).

### 2. Waiver of Service – Defendant Turner

On July 7, 2020, the Court directed service of the Complaint (Dkt. 5) on Defendants Turner and Owens. Dkt. 6.

Defendant Turner has not returned a signed waiver of service, but counsel has entered an appearance on Defendant Turner's behalf. Dkt. 9. The Answer was filed on behalf of both Defendants Turner and Owens. Dkt. 10. While the Answer does not challenge proper service, Defendant Turner has failed to timely return a signed waiver of service. *See* Dkt. 10. Therefore, in order to ensure the record is accurate and complete in this case, the Court orders counsel for Defendant Turner to file a waiver of service on or before March 22, 2021. If Defendant Turner fails to do so, the Court may direct the U.S. Marshal to personally serve him and assess the cost of personal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

Dated this 22nd day of February, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge