UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM H. SAFFO,<br><br>    Plaintiff,<br><br> v.<br><br>OWENS, TURNER,<br><br>    Defendant. | CASE NO. 2:20-cv-01781-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 8, 2021 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for Summary Judgment. Dkt. 15.

BACKGROUND

Plaintiff was booked into the King County Correctional Facility (KCCF) in Seattle on September 7, 2018 as a pretrial inmate. Dkt. 16 at 2. He was released from KCCF's custody and transferred to the SCORE jail on April 8, 2021, and is no longer in KCCF's custody. *Id*. Nevertheless, in December 2020, he filed a Complaint in this Court alleging his Eighth Amendment rights were being violated by the misapplication of COVID-19 protocols that

REPORT AND RECOMMENDATION - 1

restrict the time inmates may be outside their cells but still require four hours per day of out-of-cell time, which Plaintiff alleges he was not permitted. Dkt. 5. In addition, Plaintiff claims he was being denied cleaning supplies, heat, ventilation, and proper plumbing. *Id*. at 5-7,

On August 18, 2021, Defendants filed the pending Motion with supporting evidence. Dkt. 15-17**.** Plaintiff did not file a response to the Motion, and because his Complaint is not signed under penalty of perjury it does not constitute evidence.[1] Defendants did not file a reply.

## STANDARD

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586(1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.

---

[1] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). However, since Plaintiff did not attest under penalty of perjury that the contents of his Complaint were true and correct, in this case the Complaint does not constitute evidence. *See* Dkt. 5 at 10.

REPORT AND RECOMMENDATION - 2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## DISCUSSION

Defendants argue they are entitled to summary judgment on several grounds, including: (1) Plaintiff failed to exhaust his administrative remedies; (2) Defendants are entitled to qualified immunity; (3) Plaintiff's Eighth Amendment rights were not violated; (4) Plaintiff fails to allege that Defendants personally participated in violating his rights; and, (5) mootness of some requested remedies. Dkt. 15 at 4. In the interest of efficiency, the Court will discuss the two most conspicuous reasons Plaintiff's Complaint should be dismissed.

### I. Plaintiff cannot show Defendant Owens personally participated in the harm alleged.

Defendants argue that Plaintiff fails to show that either of them personally participated in "the bulk" of the alleged violations of Plaintiff's constitutional rights.[2]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and, (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a 42 U.S.C. § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in

---

[2] Defendants do not address Plaintiff's allegation that Defendant Turner personally participated in denying Plaintiff out-of-cell time and cleaning supplies. *See* Dkt. 15 at 9-10. Specifically, the Complaint alleges Defendant Turner "aid[ed] in the subhuman and deplorable conditions … as he continued to preclude me and others in the unit [from] utilizing the dayroom for our two hours out. He has continued to let me out 1 hr late and deny me access to the exercise yard … [and] also does not let me and others utilize the cleaning supplies which has made the living conditions deplorable." Dkt. 5 at 7.

REPORT AND RECOMMENDATION - 3

the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Here, the Complaint does not allege that Defendant Owens personally participated in the alleged denial of his constitutional rights, or even that he directed his subordinates to commit the alleged harms. *See* Dkt. 5. Instead, it alleges that Plaintiff wrote Defendant Owens a kite "explaining the conditions at 8 North Lower C Unit …" but no corrective action was taken. Dkt. 5 at 5. Even if this were true,[3] a claim may not be brought on the sole theory that a supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must show the individual defendant participated in or directed the alleged harm, or knew of the harm and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

A 42 U.S.C. § 1983 claim cannot be based solely on a supervisor's relationship to his subordinates. Therefore, Plaintiff has not alleged sufficient facts to support the alleged claims raised in the Complaint. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state § 1983 claims).

Accordingly, the Court finds the claims against Defendant Owens should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-84 (2009) (noting no vicarious liability under § 1983); *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012) (general allegations about supervisors' oversight

---

[3] Defendants aver that they provided the Court with a complete collection of all the kites submitted by Plaintiff while in KCCF's custody (Dkt. 16 at 2), and none of them are addressed to Defendant Owens. Dkt. 16-1 at 1-34.

responsibilities and knowledge of independent reports documenting the challenged conduct failed to state a claim for supervisor liability); *Penilton v. Spearman*, 2018 WL 4355919, at *2 (N.D. Cal. Sept. 10, 2018) (*quoting Iqbal*, 556 U.S. at 675-84) ("supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not 'plausibly' establish the supervisors' personal involvement").

## II.   Plaintiff failed to exhaustion his administrative remedies with respect to his allegations against Defendant Turner.

Although the Complaint alleges Defendant Turner personally participated in denying his Eighth Amendment rights, Plaintiff did not submit any grievances about Defendants Turner prior to filing his Complaint, and even after he filed grievances naming Defendant Turner Plaintiff still failed to exhaust his administrative remedies because he did not appeal the Department of Adult and Juvenile Detention's (DAJD) responses to those untimely grievances. Dkt. 16 at 2.

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 (PLRA),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to

REPORT AND RECOMMENDATION - 5

suit. *Id.* at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff to show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Defendants declare that all inmates booked into KCCF are informed of the facility's grievance program at the time of booking, when they are provided an inmate handbook that includes instructions on how to use the grievance process to address any concerns that arise while they are in custody. Dkt. 16 at 2 ; Dkt. 15 at 3-4. The handbook states that inmates are required to submit a grievance within 14 calendar days of the incident they are grieving. *Id*. The grievance is then reviewed by a supervisor and a response is provided to the inmate within ten days. *Id*. If the inmate disagrees with the supervisor's response they may appeal to an administrator, who will respond to the appeal within 20 days. *Id*.

Plaintiff filed his Complaint in this Court before filing any grievances against Defendant Turner. Dkt. 16-1 at 27, 29, 31, 33. While this was fatal to the requirement that Plaintiff exhaust his administrative remedies, it bears noting that Plaintiff did file grievances against Defendant Turner after he filed his Complaint, but Plaintiff failed to appeal of any of those later-filed grievances through the established grievance process.

1     In sum, the undisputed evidence presented by Defendants, which Plaintiff has not traversed, shows there was a grievance procedure in place at the time of the incidents complained of in the Complaint, that Plaintiff was informed of that procedure, and that Plaintiff did not exhaust it regarding his claim against Defendant Turner. Therefore, the Court concludes that Plaintiff's claim against Defendant Turner was not properly exhausted and should be dismissed.

## LEAVE TO AMEND

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). At the initiation of this case, the Court directed service of the Complaint and did not notify Plaintiff of any potential deficiencies in his Complaint. *See* Docket 5. However, Defendant's motion placed Plaintiff on notice of the deficiencies of his Complaint. *See* Dkt. 15 at 4-13. Plaintiff did not respond to Defendant's Motion or seek leave to amend his Complaint. Further, Defendants have submitted evidence showing Defendants did not personally participate in any alleged harm to Plaintiff or direct their subordinates to harm Plaintiff. *See generally,* Dkt. 16. Therefore, the Court *sua sponte* finds leave to amend is not warranted in this case. *See Carter v. C.I.R.*, 784 F.3d 1006, 1009 (9th Cir. 1986) (finding the court did not abuse its discretion in failing to grant leave to amend *sua sponte* where the government's motion provided notice to the *pro se* plaintiff and the plaintiff did not seek to amend his petition after the government's motion had been filed); *Bowen v. Chrysler Corp.*, 9 F.3d 1550 (9th Cir. 1993) ("If a non-prisoner pro se plaintiff has adequate notice of the insufficiencies of his complaint, the court need not grant leave to amend sua sponte.").

| | |
|---|---|
| 1 | IFP ON APPEAL |
| 2 | Finally, Plaintiff is proceeding *in forma pauperis* (IFP) in this case. Dkt. 4. IFP status on |
| 3 | appeal shall not be granted if the district court certifies "before or after the notice of appeal is |
| 4 | filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 |
| 5 | U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an |
| 6 | issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or |
| 7 | fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, |
| 8 | 325 (1989). |
| 9 | Here, the law is clear that Defendants cannot be liable under the theory of supervisory |
| 10 | liability, and Plaintiff did not allege facts, nor is there evidence in the record, showing |
| 11 | Defendants personally participated in the alleged constitutional violations. As such, the Court |
| 12 | recommends Plaintiff's IFP status be revoked for purposes of any appeal. |
| 13 | /// |
| 14 | /// |
| 15 | /// |
| 16 | /// |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | |

CONCLUSION

In conclusion, the Court finds Plaintiff has failed to meet his burden of showing any genuine issue of fact for trial, and therefore recommends Defendants' Motion for Summary Judgment (Dkt. 15) be granted, and the Complaint be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 8, 2021, as noted in the caption.

Dated this 23rd day of September, 2021.

David W. Christel
United States Magistrate Judge